UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. ELLIS, | No. 2:14-cv-0852 MCE DB |
| Plaintiff, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| ABDUR-RAHMAN, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983 alleging defendant Salahuddin Abdur-Rahman, M.D. was deliberately indifferent to his serious medical needs by not recommending plaintiff for hemorrhoid surgery after interviewing plaintiff regarding his inmate appeal. (ECF No. 1 at 3.) Before the court is defendant's motion for summary judgment. (ECF No. 21.) For the reasons outlined below, the undersigned respectfully recommends that defendant's motion be granted and that judgment be entered in favor of defendant.

**I.    <u>Background</u>**

    **A.    <u>Procedural</u>**

Plaintiff is currently proceeding on his original complaint against defendant. (ECF No. 1.) Defendant filed a motion for summary judgment. (ECF No. 21.) Plaintiff did not file a timely response to the summary judgment motion. Magistrate Judge Allison Claire, the

magistrate judge previously assigned to this case, ordered plaintiff to respond within 21 days of her order or she would recommend dismissal pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 23.) Plaintiff did not timely respond to Judge Claire's order and so she issued a findings and recommendations recommending that this action be dismissed without prejudice pursuant to Rule 41(b). (ECF No. 24.)

After Judge Claire's recommendations, plaintiff filed a motion for extension of time (ECF No. 25) to file an opposition to the summary judgment motion, which Judge Claire granted (ECF No. 26). Plaintiff then filed an opposition to the summary judgment motion. (ECF No. 27.) Defendant filed a reply memorandum in support of his motion. (ECF No. 28.) The summary judgment motion is now ripe for review.

### B.  **Factual**

The below statement of facts is derived from defendant's statement of undisputed facts and supporting affidavits, declarations, exhibits, and deposition transcripts. (ECF Nos. 21-1; 21-2; 21-3.) Additionally, the court recognizes plaintiff's complaint as a "verified complaint" and draws upon it as well to establish the undisputed facts. (ECF No. 1.)

#### 1.  **Defendant's Objections**

As a preliminary matter, defendant objects to plaintiff's opposition as a whole because it does not comply with Federal Rule of Civil Procedure 56(c) and Local Rule 260(b). (ECF No. 28 at 3-4.) Specifically, plaintiff failed to reproduce defendants' statement of undisputed facts and failed to admit or deny those facts pursuant to Local Rule 260(b). (See ECF No. 27.) Plaintiff also failed to include citations to the "particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon" to establish his facts. E.D. Cal. L.R. 260(b). Furthermore, plaintiff submitted no evidence with his opposition; instead, the opposition merely restates plaintiff's allegations from the complaint and his claim for relief. (ECF No. 27.)

"A district court does not have a duty to search for evidence that would create a factual dispute." Bias v. Moynihan, 508 F.3d 1212, 1219 (9th Cir. 2007). At the same time, the Ninth Circuit has held that courts should liberally construe motion papers filed by a pro se litigant.

Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).

Here, some evidence is readily available on the record, even if not cited to by plaintiff. Specifically, plaintiff's complaint is a "verified complaint" under 28 U.S.C. § 1746 and, to the extent it alleges specific facts from plaintiff's personal knowledge, it carries the same weight as an affidavit proffered to oppose summary judgment. See Keenan v. Hall, 83 F.3d 1083, 1090 n. 1 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998). See also Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995) (accepting the verified complaint as an opposing affidavit because the plaintiff "demonstrated his personal knowledge by citing two specific instances where correctional staff members . . . made statements from which a jury could reasonably infer a retaliatory motive"); McElyea v. Babbitt, 833 F.2d 196, 197–98 (9th Cir. 1987); see also El Bey v. Roop, 530 F.3d 407, 414 (6th Cir. 2008) (Court reversed the district court's grant of summary judgment because it "fail[ed] to account for the fact that El Bey signed his complaint under penalty of perjury pursuant to 28 U.S.C. § 1746. His verified complaint therefore carries the same weight as would an affidavit for the purposes of summary judgment."). In plaintiff's complaint, his signature follows the statement, "I declare under penalty of perjury that the foregoing is true and correct." (ECF No. 1 at 3.) It therefore qualifies as a verified complaint.

Concerning plaintiff's opposition, it is true that it merely restates the claims and allegations without addressing defendant's legal arguments or statement of facts. (See ECF No. 27.) While the opposition is clearly deficient, defendant will not be prejudiced by the court taking it into consideration as general legal rhetoric concerning plaintiff's claims. Therefore, in construing the pro se plaintiff's filing liberally, see Thomas, 611 F.3d at 1150, the court will consider plaintiff's opposition. However, the court will not consider the opposition itself to be "verified" -- i.e., it will not be considered for **evidentiary** value.

As noted above, the court will recognize the complaint as being a "verified complaint," which constitutes evidence as long as the allegations arise from personal knowledge and contain specific facts admissible into evidence. See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995) (accepting the verified complaint as an opposing affidavit because the plaintiff "demonstrated his personal knowledge by citing two

3

specific instances where correctional staff members . . . made statements from which a jury could reasonably infer a retaliatory motive"). Plaintiff did not sign the opposition to the summary judgment motion or declare under penalty of perjury that the contents of the opposition were true and correct; therefore, the opposition does not comply with 28 U.S.C. § 1746 and the court cannot accept that document as being verified. (ECF No. 27.)

So, in summation, the court will consider the verified complaint as evidence, but will consider the opposition only for its rhetorical value in stating plaintiff's legal arguments.

## 2. **Statement of Facts**

The following facts are undisputed by the parties or, following the court's review, have been deemed undisputed for purposes of the pending motion.

Plaintiff is an inmate incarcerated within the California Department of Corrections and Rehabilitation (CDCR) at High Desert State Prison (HDSP). Defendant is a licensed physician and surgeon and has been employed by CDCR since March 2007. His primary area of practice is internal medicine. At all relevant times, defendant was a medical doctor employed by CDCR. His primary duty was to provide medical care and treatment to inmates at HDSP.

Defendant was assigned to review plaintiff's first level 602 appeal in which plaintiff sought hemorrhoid surgery. His review of plaintiff's first level 602 appeal included review of all medical records, related clinical notes, and a 602 appeal visit in which he met with plaintiff, physically examined him, talked with him about his condition, and prepared a written Medical Progress Note. His review also required that he provide a medical opinion about plaintiff's need for hemorrhoid surgery.

At no time had defendant seen or provided any medical care to plaintiff before the 602 appeal visit on May 3, 2013. At no time was defendant plaintiff's primary or treating physician. While at HDSP, plaintiff has been evaluated and treated by several doctors on different yards. Defendant examined and evaluated plaintiff on only this one occasion on May 3, 2013.

During the 602 appeal visit, plaintiff explained to defendant that he was not actually scheduled for hemorrhoid surgery in October 2007, as stated in his 602 appeal. Rather, he was set to be referred to see a surgeon. Plaintiff alleges that defendant and other doctors at HDSP and

Folsom State Prison (where plaintiff was previously incarcerated) improperly refused his requests for hemorrhoid surgery.

Plaintiff was never evaluated for hemorrhoid surgery, and hemorrhoid surgery was never recommended or authorized at Folsom State Prison. Plaintiff described having occasional bleeding and felt as if his bowels were blocked, and explained that his hemorrhoid condition had not changed since 2007. At no time had a physician recommended surgery to treat plaintiff's hemorrhoid condition.

During the 602 appeal visit, defendant performed a visual physical examination pf plaintiff's rectal area, but not an internal rectal examination. From defendant's professional perspective, an internal rectal examination was not necessary for the 602 review. Plaintiff's primary physician at HDSP had not conducted an internal rectal examination. Defendant's visual examination showed no external hemorrhoids or other lesions. Defendant observed plaintiff moving normally, able to get on and off the examination table without difficulty. Defendant noted plaintiff's history of internal hemorrhoids, and plaintiff's prior treatment by other doctors, which included fluids, bulk or fiber in his diet, and stool softeners.

Based on his physical examination of plaintiff, visual observations, discussions with plaintiff about his hemorrhoid condition, and review of his medical records, defendant concluded that plaintiff's hemorrhoid condition was stable. In defendant's opinion, hemorrhoid surgery was not medically necessary or appropriate for plaintiff at the time of his review. Defendant concluded that the treatment that plaintiff was receiving for hemorrhoids at the time was appropriate and should be continued.

Defendant did not provide plaintiff any medical care except to recommend that he continue his existing treatment for hemorrhoids.

## II. Legal Standard for Summary Judgment

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury

1   to determine those facts in favor of the nonmovant. Crawford–El v. Britton, 523 U.S. 574, 600
2   (1998); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-50 (1986); Nw. Motorcycle Ass'n v.
3   U.S. Dep't of Agric., 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment
4   motion asks whether the evidence presents a sufficient disagreement to require submission to a
5   jury.

6        The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims
7   or defenses. Celotex Cop. v. Catrett, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to
8   "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for
9   trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)
10  (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally,
11  under summary judgment practice, the moving party bears the initial responsibility of presenting
12  the basis for its motion and identifying those portions of the record, together with affidavits, if
13  any, that it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477
14  U.S. at 323; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving
15  party meets its burden with a properly supported motion, the burden then shifts to the opposing
16  party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e);
17  Anderson, 477 U.S. at 248; Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995).

18       A clear focus on where the burden of proof lies as to the factual issue in question is crucial
19  to summary judgment procedures. Depending on which party bears that burden, the party seeking
20  summary judgment does not necessarily need to submit any evidence of its own. When the
21  opposing party would have the burden of proof on a dispositive issue at trial, the moving party
22  need not produce evidence which negates the opponent's claim. See e.g., Lujan v. National
23  Wildlife Fed'n, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters
24  which demonstrate the absence of a genuine material factual issue. See Celotex, 477 U.S. at 323-
25  24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a
26  summary judgment motion may properly be made in reliance solely on the 'pleadings,
27  depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment
28  should be entered, after adequate time for discovery and upon motion, against a party who fails to

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." Id. at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. Anderson, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. Id. If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. Anderson, 477 U.S. at 249; Devereaux, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." Anderson, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. See id. at 249, 255; Matsushita, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the

1  proponent must adduce evidence of a factual predicate from which to draw inferences. American
2  Int'l Group, Inc. v. American Int'l Bank, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J.,
3  dissenting) (citing Celotex, 477 U.S. at 322).  If reasonable minds could differ on material facts at
4  issue, summary judgment is inappropriate.  See Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th
5  Cir. 1995).  On the other hand, "[w]here the record taken as a whole could not lead a rational trier
6  of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S.
7  at 587 (citation omitted); Celotex, 477 U.S. at 323 (if the evidence presented and any reasonable
8  inferences that might be drawn from it could not support a judgment in favor of the opposing
9  party, there is no genuine issue).  Thus, Rule 56 serves to screen cases lacking any genuine
10 dispute over an issue that is determinative of the outcome of the case.

11       Defendants' motion for summary judgment included a so-called "Rand notice" (ECF No.
12 84-2) to plaintiff informing him of the requirements for opposing a motion pursuant to Rule 56 of
13 the Federal Rules of Civil Procedure.  See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v.
14 Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999);
15 Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

16 **III.    Legal Analysis**

17       Defendant moves for summary judgment on the grounds that: (1) Plaintiff's difference of
18 opinion about the proper course of care and treatment does not constitute deliberate indifference,
19 and plaintiff lacked specific intent to cause plaintiff harm; (2) Defendant did not violate plaintiff's
20 Eighth Amendment rights; and (3) Defendant is entitled to qualified immunity.  (ECF No. 21.)
21 As outlined below, the undersigned recommends that defendant's motion be granted because
22 plaintiff's difference of opinion with defendant concerning his medical treatment does not
23 constitute deliberate indifference.  Because the court recommends ruling in defendant's favor on
24 this ground, the undersigned need not reach defendant's remaining two arguments.

25       **A.    Legal Standard for Deliberate Indifference to Serious Medical Needs**

26       "[D]eliberate indifference to serious medical needs of prisoners constitutes the
27 unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment.  This is true
28 whether the indifference is manifested by prison doctors in their response to the prisoner's needs

8

or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (internal citations, punctuation and quotation marks omitted). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical treatment.'" Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).

"A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting Estelle, 429 U.S. at 104). Serious medical needs include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; [and] the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059-60.

To prevail on a claim for deliberate indifference to serious medical needs, a prisoner must demonstrate that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

"In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

"The indifference to a prisoner's medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this claim. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs." Lemire, 726 F.3d at 1081-82 (internal citations, punctuation and quotation marks omitted); accord, Cano v. Taylor, 739 F.3d 1214, 1217 (9th Cir. 2014). Moreover, "[a] difference of opinion between a physician and the prisoner -- or between medical professionals -- concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989)).

Whether a defendant had requisite knowledge of a substantial risk of harm is a question of fact. "[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious. The inference of knowledge from an obvious risk has been described by the Supreme Court as a rebuttable presumption, and thus prison officials bear the burden of proving ignorance of an obvious risk. . . . [D]efendants cannot escape liability by virtue of their having turned a blind eye to facts or inferences strongly suspected to be true[.]" Coleman v. Wilson, 912 F. Supp. 1282, 1316 (E.D. Cal. 1995) (citing Farmer, 511 U.S. at 842-43) (internal quotation marks omitted).

When the risk is not obvious, the requisite knowledge may still be inferred by evidence showing that the defendant refused to verify underlying facts or declined to confirm inferences that he strongly suspected to be true. Farmer, 511 U.S. at 842. On the other hand, prison officials may avoid liability by demonstrating "that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Id. at 844. Thus, liability may be avoided by presenting evidence that the defendant lacked knowledge of the risk and/or that his response was reasonable in light of all the circumstances. Id. at 844-45; see also Wilson v. Seiter, 501 U.S. 294, 298 (1991); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010).

////

////

**B.      Plaintiff's Difference of Opinion Does not Constitute Deliberate Indifference**

Plaintiff alleges that defendant was indifferent to his medical needs by refusing to authorize surgery for hemorrhoids. Plaintiff claims that he was diagnosed with internal hemorrhoids and defendant's physical examination of plaintiff consisted solely of an external examination of plaintiff's rectum. (ECF No. 1 at 3.) Plaintiff's allegations merely suggest a difference of opinion regarding his course of treatment. A difference of opinion between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. See Sanchez, 891 F.2d at 242; Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Defendant responded to plaintiff's request for surgery by reviewing all medical records, related clinical notes, and a 602 appeal visit, in which he met with plaintiff, physically examined him, talked with him about his condition, and prepared a written Medical Progress Note. (ECF No. 21-2 at 2.) Plaintiff does not dispute these facts. Plaintiff admits that defendant physically examined him during their interview. (ECF No. 1 at 3.) In defendant's professional opinion, an internal rectal examination was unnecessary for the 602 review. (ECF No. 21-2 at 3.) Plaintiff presents no countervailing medical evidence that defendant's examination was in any way incomplete without an internal examination.

Defendant's conclusion that surgery was not necessary and that plaintiff should continue his current course of hemorrhoid treatment was supported by the visual examination showing no external hemorrhoids or lesions and the observation that plaintiff was moving normally, able to get on and off the examination table without difficulty. (Id.) Defendant noted that, in his medical opinion, plaintiff's hemorrhoid condition was stable. (Id.) Based upon the stable state of plaintiff's condition, defendant determined that plaintiff was receiving appropriate treatment already and that that treatment should be continued. (Id.)

Plaintiff submitted no evidence to challenge this conclusion besides his own opinion that defendant's examination and treatment suggestions were insufficient. (See ECF Nos. 1 at 3; 27.) The facts indisputably establish that defendant examined plaintiff's medical records, as well as

plaintiff, himself, and then, based upon the medical evidence and defendant's medical expertise, determined that the appropriate course of treatment for plaintiff's condition was already being followed. (See supra pp. 4-5.) Plaintiff's allegations amount to the second-guessing of his physician without any basis to support the allegations that the treatment was inadequate. The fact that plaintiff disagrees with defendant's diagnosis and treatment recommendation is generally insufficient to establish deliberate indifference. See Toguchi, 391 F.3d at 1058; Sanchez, 891 F.2d at 242; Jackson, 90 F.3d at 332.

To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctor[] chose was medically unacceptable under the circumstances" and "that [the doctor] chose this course in conscious disregard of an excessive risk to [the prisoner's] health." Jackson, 90 F.3d at 332. Plaintiff's naked allegations of inadequate care are insufficient to meet this standard. These allegations only go so far as to present the fact that *plaintiff* disagrees with defendant's opinion concerning his treatment; nothing is alleged to indicate that this course of treatments is, in and of itself, medically deficient.

For these reasons, defendant should be granted summary judgment concerning plaintiff's Eighth Amendment claim for deliberate indifference.

### IV.     **Conclusion**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment (ECF No. 21) be granted; and
2. Summary judgment be granted in full on behalf of defendant.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections.

////

////

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 30, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL RIGHTS / elli.0852.msj